IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


DORAN OATS                                                          PLAINTIFF


v.                          CIVIL NO. 22-4070


KILOLO KIJAKAZI, Acting Commissioner                               DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Doran Oats, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* U.S.C. § 405(g).

Plaintiff protectively filed his applications for DIB and SSI on March 6, 2018, alleging an inability to work since February 29, 2016, due to dyslexia, high blood pressure, depression, anxiety, seizures combined with detrimental headaches, talking to and answering self, and slow reactions in both thought and action. (Tr. 183, 458). An unfavorable decision was issued on April 27, 2020, which was remanded by the Appeals Council on February 25, 2021. Another administrative hearing was held telephonically on February 3, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 62-85).

The ALJ issued an unfavorable decision on March 17, 2022. (Tr. 13–37). The ALJ found that Plaintiff had an impairment or combination of impairments that were severe: type II diabetes mellitus, pseudoseizures, posttraumatic stress disorder, depressive disorder, generalized anxiety disorder, bipolar II disorder, and polysubstance abuse. (Tr. 19). The ALJ found that Plaintiff also suffered from the following nonsevere impairments: hyperlipidemia, hypertension, and obesity. After reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments found in 20 C.F.R., Subpart P, Appendix 1. (Tr. 19–21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [L]ift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday and sit for [sic] hours in an 8-hour workday; can push and/or pull within the weight limits for lifting and carrying; cannot climb ladders, ropes or scaffolds; must avoid all exposure to hazards including unprotected heights and dangerous machinery; most [sic] avoid commercial vehicle driving; can understand, remember and carry out simple tasks; and will be absent from work 1 day per month due to seizure activity.
> (Tr. 21–27).

With the help of a VE, the ALJ determined that the Plaintiff would be unable to perform any of his past relevant work but would be able to perform the representative occupations of small product assembler, machine tender, and inspector packager. (Tr. 27–28). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from February 29, 2016, through March 17, 2022, the date of her decision. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on June 23, 2022. (Tr. 1–4). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 17).

2

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred in failing to give proper consideration to Plaintiff's mental RFC by discounting the opinions of treating medical sources and 2) whether the ALJ erred by finding Plaintiff could perform light work. (ECF No. 15). The Commissioner argues the ALJ gave adequate consideration to the opinions of Michael Van Cao, MS, LAC. The Commissioner argues that the ALJ gave adequate consideration to Plaintiff's pseudoseizures and adequately accounted for them in the RFC by including hazard limitations and absence from work for one day per month.

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams*

3

*v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).   Limitations resulting from symptoms such as pain are also factored into the assessment.   20 C.F.R. § 404.1545(a)(3).   The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).   Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).   "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id.*

Plaintiff argues that the ALJ erred in finding Plaintiff's mental health condition remained stable with no inpatient psychiatric treatment or emergency room visits. The Commissioner concedes that the ALJ erred in making this statement, but argues this was a mere misstatement, citing *Strongson v. Barnhart*, 361 F.3d 1066, 1072.   However, the Comissioner do not show that this error was unlikely to affect the outcome. (ECF No. 17). As the ALJ earlier noted, Plaintiff was admitted to the Levi Hospital with suicidal ideation on May 3, 2020, where he remained until May 8, 2020, when he was discharged with diagnoses of schizoaffective disorder and antisocial personality traits. (Tr. 22-23). While the Comissioner argues this misstatement was simply a deficiency in opinion writing, this inconsistency is disturbing as lack of hospitalizations was given as a reason for discounting Plaintiff's subjective complaints regarding his mental limitations.

An ALJ may not discount the Plaintiff's subjective complaints solely because the medical evidence fails to support them. *Id.*   However, "[a]n ALJ . . . may disbelieve subjective reports because of inherent inconsistencies or other circumstances." *Wright v. Colvin*, 789 F.3d 847,

853 (8th Cir. 2015) (citing *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) (quotation and citation omitted).

With regards to Plaintiff's pseudoseizures, the ALJ found that the objective medical evidence did not support the severity Plaintiff alleged, citing an EEG and an MRI in 2019. (Tr. 24). However, this ignores the nature of a pseudoseizure. As the Commissioner notes, pseudoseizures are a nonepileptic manifestation of psychological distress (meaning they are not caused by abnormal brain electrical discharges) and are considered a somatic symptom disorder. (ECF No. 17, pp. 6–7). The ALJ's reliance upon an EEG and MRI to discount Plaintiff's subjective complaints shows a lack of understanding of the condition.

Further, Plaintiff's report that his seizures occurred more frequently than once per month was consistent with treatment records, the observations of his treatment providers, and the third-party statements in the record. (Tr. 698, 717–18, 724–25, 727, 767–70, 774, 787, 814, 820, 837, 853, 869, 907–911, 976, 1129, 1156). The ALJ stated that she considered the affidavits from James Oats, Gladys Oats, Kerri Oats, and Chris Beck, as well as the notarized statement from Addis Wallis. (Tr. 27). The ALJ did not note whether she reviewed the statements offered by Gaytha Deen and Crystal Seay. (Tr. 506). The ALJ found that these attestations did not establish limitations arising from Plaintiff's medically determinable impairments that were inconsistent with the RFC findings. However, this finding is contradictory as these statements indicate Plaintiff was having seizures at least multiple times per week, and in October of 2019 (as well as in February of 2020) multiple times per day. (Tr. 512-13, 557-562).

Finally, the ALJ found the opinions of Plaintiff's mental health treatment providers, Mark Allen LMSW, Randy White, NP, and Michael Van Cao, MS, LAC, to be unpersuasive, at least in part, because they were inconsistent with the earlier opinion offered by Dr. Grant in August of

5

2018. (ECF No. 26–27). There is no indication in Dr. Grant's opinion that he was aware that Plaintiff's seizures were somatic in nature, and it is unclear whether he accounted for seizure activity in his opinion. (Tr. 684–87). While the ALJ did consider and give some weight to the opinions of non-examining consultative physicians Brad Williams, Ph.D., and Michael Hazlewood, Ph. D, these opinions were offered in September of 2018, and in January of 2019, more three years before the end of the relevant time period. (Tr. 100, 169). As all of these opinions were offered before Plaintiff's mental health hospitalization, additional opinion evidence should be acquired to assist the ALJ in reconsidering Plaintiff's RFC.

The Court believes remand is necessary for the ALJ to more clearly account for all of Plaintiff's limitations in the RFC determination.  Additionally, as the ALJ found all opinion evidence from treating mental health providers to be unpersuasive, and the nonexamining opinions were from January of 2019 and earlier, the ALJ should order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of August 2023

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE